THOMAS S. MCCONVILLE (STATE BAR NO. 155905)
tmcconville@orrick.com
RIC T. FUKUSHIMA (STATE BAR NO. 272747)
rfukushima@orrick.com
ORRICK, HERRINGTON & SUTCLIFFE LLP
2050 Main Street
Suite 1100
Irvine, CA 92614
Telephone:  +1-949-567-6700
Facsimile:   +1-949-567-6710

ROBERT M. ISACKSON (*pro hac vice*)
risackson@orrick.com
NICHOLAS H. LAM (*pro hac vice*)
nlam@orrick.com
ORRICK, HERRINGTON & SUTCLIFFE LLP
51 West 52nd Street
New York, NY  10019-6142
Telephone:  +1-212-506-5000
Facsimile:   +1-212-506-5151

Attorneys for Defendants
MICRODYNAMICS CORPORATION
AND MICRODYNAMICS GROUP, INC.

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

SOUTHERN DIVISION

| | |
|---|---|
| SECURED MAIL SOLUTIONS, LLC,<br><br>        Plaintiff,<br><br>    v.<br><br>R.R. DONNELLEY & SONS COMPANY, MICRODYNAMICS CORPORATION, AND MICRODYNAMICS INC.<br><br>        Defendants. | Case No.  SACV12-01119 DOC (MLGx)<br><br>**DEFENDANT MICRODYNAMICS' NOTICE OF MOTION  AND MOTION FOR SANCTIONS UNDER FEDERAL RULES OF CIVIL PROCEDURE, RULE 11**<br><br>Date:  October 8, 2012<br>Time:  8:30 a.m.<br>Department:  9-D |

1   TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:

2          PLEASE TAKE NOTICE that on October 8, 2012 at 8:30 a.m., or as soon

3   thereafter  as this motion may be heard in Department 9-D of the United States

4   District Court, located at 411 West Fourth Street, Santa Ana, California,

5   Defendants Microdynamics Corporation and Microdynamics Group, Inc. (together,

6   "Microdynamics"), by and through its counsel, will move this Court, pursuant to

7   Rule 11 of the Federal Rules of Civil Procedure, for an order awarding sanctions

8   against Plaintiff Secured Mail Solutions, LLC ("SMS") and its counsel for the

9   improper filing of a baseless Complaint and for failing to conduct a reasonable and

10  competent pre-suit investigation in doing so.

11         This motion is based on this Notice of Motion and Motion, the attached

12  Memorandum of Points and Authorities, the attached Declaration of Charles

13  Wilson in support thereof, the pleadings on file, oral argument of counsel, and such

14  other materials and arguments as may be presented in connection with the hearing

15  on this motion.

16

17  Dated:        September 7, 2012          Orrick, Herrington & Sutcliffe LLP

18

19                                          By:_____/s/ Ric T. Fukushima_____
                                                    RIC T. FUKUSHIMA
20                                              Attorneys for Defendants
                                              Microdynamics Corporation and
21                                              Microdynamics Group, Inc.

22

23

24

25

26

27

28

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

# <u>TABLE OF CONTENTS</u>

**Page**

I.     INTRODUCTION .......................................................................................1

II.    BACKGROUND .......................................................................................3

    A.     The Asserted Patents.........................................................................4

    B.     Microdynamics' Business .................................................................6

III.   RULE 11 LAW AS APPLIED IN PATENT ACTIONS ...........................10

IV.    ARGUMENT ...........................................................................................11

    A.     SMS and Mr. Fitzsimmons Failed To Meet Their Rule 11 Obligations ......................................................................................11

        1.     SMS' Complaint is Baseless .................................................11

            a.     Microdynamics Does Not Provide Verification Data ...........................................................................12

            b.     Other Limitations are Mail Carrier Actions or Not Performed At All .......................................................13

            c.     The Mail Carriers Are Persons That Must Be Joined if Possible ........................................................13

        2.     SMS And Its Counsel Failed to Conduct a Reasonable and Competent Pre-Suit Investigation .....................................15

    B.     Monetary Sanctions Should Be Imposed...........................................17

V.     CONCLUSION .......................................................................................19

## <u>TABLE OF AUTHORITIES</u>

**Page(s)**

**FEDERAL CASES**

*Akamai Techs., Inc. v. Limelight Networks, Inc.*,
   No. 2009-1372, _ F.3d _, 2012 WL 3764695 (Fed. Cir. Aug. 31, 2012) ....12, 13

*BMC Resources, Inc. v. Paymentech, L.P.*,
   498 F.3d 1373 (Fed. Cir. 2007) ................................................................ 12, 13

*Christian v. Mattel, Inc.*,
   286 F.3d 1118 (9th Cir. 2002) ................................................................. 10, 11

*Clark v. The Walt Disney Co.*,
   748 F. Supp.2d 792 (S.D. Oh. 2010) .............................................................. 16

*Dawavendewa v. Salt River Project Agricultural Improvement & Power Dist.*,
   276 F.3d 1150 (9th Cir. 2001) ................................................................. 13, 14

*E.E.O.C. v. Peabody Western Coal Co.*,
   610 F.3d 1070 (9th Cir. 2010) ...................................................................... 14

*Eon-Net LP v. Flagstar Bancorp*,
   653 F.3d 1314 (Fed. Cir. 2011) ........................................................ 10, 15, 17

*ICU Med., Inc. v. Alaris Med. Sys., Inc.*,
   2007 U.S. Dist. LEXIS 34467 (C.D. Cal. Apr. 16, 2007) ......................... 11, 15

*Judin v. United States*,
   110 F.3d 780 (Fed. Cir. 1997) ...................................................................... 15

*Markman v. Westview Instruments, Inc.*,
   517 U.S. 370 (1996) ....................................................................................... 16

*Marshburn v. Postmaster General*,
   678 F. Supp. 1182 (D. Md. 1988) ................................................................. 14

*Refac Int'l, Ltd. v. Hitachi Ltd.*,
   141 F.R.D. 281 (C.D Cal. 1991) ..................................................................... 18

*Townsend v. Holman Consulting Corp.*,
   929 F.2d 1358 (9th Cir. 1990) (en banc) ................................................. 10, 11

ii

*View Eng'g Inc. v. Robotic Vision Sys.*,
   208 F.3d 981 (Fed. Cir. 2000)................................................................11, 15, 18

*Warner-Jenkinson Co., Inc. v. Hilton Davis Corp.*,
   520 U.S. 17 (1997)..................................................................................12

**FEDERAL STATUTES**

28 U.S.C. § 1498(a) ................................................................................13

35 U.S.C. § 102 ..................................................................................3, 8

35 U.S.C. § 112 ¶ 4..................................................................................4

39 U.S.C. § 101 ..................................................................................14

**RULES**

Fed. R. Civ. P. 11................................................................................passim

Fed. R. Civ. P. 19................................................................................13, 14

## MEMORANDUM OF POINTS AND AUTHORITIES

## I.  INTRODUCTION

Pursuant to Rule 11 of the Federal Rules of Civil Procedure, Defendants Microdynamics Corporation and Microdynamics Group, Inc. (together, "Microdynamics")[1] hereby submit[2] this motion for sanctions.

Plaintiff Secured Mail Solutions, LLC ("SMS") and its counsel have asserted that Microdynamics infringes three patents which share the same specification.[3] SMS avers in its Complaint that these patents are directed to the field of "counter terrorism" and can "reduce[] the risk of [a] terrorist attack."  Complaint ¶ 9; First Amended Complaint ("FAC") ¶ 14.  Thus, in bringing this action, SMS was clearly focused on the feature of its invention requiring verifying the authenticity of a piece of mail, as part of its allegedly novel solution to the stated problem of preventing

---

[1] Plaintiff SMS' original and amended complaints erroneously name Microdynamics, Inc. as a defendant.  Microdynamics believes SMS intended to identify Microdynamics Group, Inc.  *See, e.g.*, www.microdg.com/about-us.html (last visited Sept. 5, 2012).

[2] Microdynamics has complied with its obligation under Federal Rule of Civil Procedure 11(c)(2) by serving a substantially similar copy of this motion on Plaintiff on August 8, 2012, more than 21 days prior to filing.  *See* Certificate of Service, attached hereto as Exhibit A.  After a meet and confer regarding the motion, Plaintiff filed a First Amended Complaint, which deleted incorrect references to Microdynamics as a "provider of direct mail services." Microdynamics has revised this motion accordingly, in addition to making minor edits.  No new substance has been added.  Other than deleting reference to Microdynamics as a provider of direct mail services, SMS' First Amended Complaint failed to address any of the issues raised in Microdynamics' motion. Attached as Exhibit B is a redline comparing the copy of this motion served on Plaintiff on August 8, 2012 and the motion as filed with the Court.

[3] SMS did not specifically identify which claims of the Asserted Patents are being asserted nor which of Microdynamics' services or systems allegedly infringe.  For purposes of this motion, as explained below, we assume all claims are asserted against Microdynamics' USPS mail related services.

unauthenticated and potentially "hazardous mail objects (i.e., Anthrax, explosives, etc.)" from being delivered to the intended recipient.  *See* Exhibit 1 to the Complaint and FAC at 1:34-38, 5:63-6:19.

However, SMS and its counsel violated Rule 11 by filing a baseless Complaint and by failing to conduct a reasonable and competent pre-suit investigation in doing so.  A reasonable investigation would have revealed that Microdynamics provides various services to facilitate delivery of its customers' mail pieces through the United States Postal Service ("USPS"), but **does not offer** any service for verifying the authenticity of a mail piece.[4]  Such an investigation would have shown that Microdynamics fully complies with USPS' guidelines and requirements to use USPS' mail delivery services, and a competent review of USPS' guidelines and requirements and available delivery services would have revealed that USPS also **does not provide** any verification of the authenticity of a mail object.  Furthermore, a reasonable and competent investigation would have shown that USPS and other mail carriers have an interest in this action that make them necessary and indispensible parties to SMS' infringement claims in this case.

Had SMS and its counsel bothered to review any of the significant amounts of publicly available information about Microdynamics and USPS (or other mail carriers) or perform a cursory analysis of the claims of the Asserted Patents before filing the Complaint, then they would know that no patent claim[5] could be infringed by Microdynamics, and would not have filed this action.

_____

[4] To a far lesser extent Microdynamics also uses United Parcel Service, FedEx, Pitney Bowes - IMEX, and couriers for delivery of its customers' mail.  As will be shown below, SMS' claims are even further removed from the situation where Microdynamics uses one of these mail carriers rather than USPS.

[5] A competent review of USPS' available delivery services would have revealed that since before 1999, more than one year prior to the earliest filing date of the asserted patents, USPS has provided a prior art mail piece tracking service called Confirm, aka Tracing, using single barcodes, in particular, the Planet Code.  *See*

DEFENDANT MICRODYNAMICS' MOTION
FOR SANCTIONS UNDER RULE 11

1    What makes this frivolous case all the more remarkable is that the named

2 inventor, Todd E. Fitzsimmons, is and, at all relevant times, has been an

3 experienced patent prosecution and litigation attorney with Plaintiff's counsel,

4 O'Melveny & Myers LLP. Declaration of Charles Wilson ("Wilson Decl.") ¶ 12,

5 Exh. 1. Mr. Fitzsimmons also appears to be the sole principal of Plaintiff. *Id.* ¶ 13,

6 Exh. 2. Thus, charged with knowledge of Rule 11 and its stringent requirements,

7 the flagrant violation of Rule 11 in commencing this action for hold-up patent

8 royalties is inexcusable and should neither be tolerated nor excused.

9 **II. BACKGROUND**

10    SMS filed the present action against Microdynamics and R.R. Donnelley &

11 Sons Company on July 9, 2012. SMS and Microdynamics stipulated to extend

12 Microdynamics' time to answer or otherwise respond to the Complaint to August

13 31, 2012. *See* Dkt. No. 12. SMS alleges that Microdynamics infringes the patents-

14 in-suit, U.S. Patent Nos. 7,814,032 ("'032 Patent"), 7,818,268 ("'268 Patent"), and

15 8,073,787 ("'787 Patent") (collectively, "Asserted Patents"), attached to the

16 Complaint and FAC as Exhibits 1, 2, and 3, respectively. SMS and Microdynamics

17 are not competitors and SMS's website does not indicate that it offers any product

18 or service related to the Asserted Patents, or otherwise, except for the mere

19 statement: "Provider of Custom Mail and Mail Information Services." *See*

20 www.securedmailsolutions.com (last accessed August 7, 2012).

21

22

23

24

25 ───────────────────────────────

26 Wilson Decl. ¶ 17, Exh. 6. Thus, to the extent that SMS or its counsel construes any patent claim to read on the use of barcodes in providing mail tracking services, that construction is not reasonable because it would invalidate those claims of the Asserted Patents under 35 U.S.C. § 102 and/or 103.

27

28

**A. The Asserted Patents**

The Asserted Patents are related and share the same specification.[6]   The claimed invention "provides a system and method for providing mail verification data over a wide area network, such as the Internet, in response to receiving and authenticating at least a portion of mail identification (ID) data." '787 Patent at 1:63-66.  Put simply, the claimed invention is about verifying the authenticity of a piece of mail (*i.e.*, determining that the mail was actually sent by the indicated sender) by comparing information encoded in a single barcode on the piece of mail to the sender's records of sent mail.   Claim 1 of the '032 Patent is generally representative of the claims of the Asserted Patents and provides:

> A method for using a single barcode to verify the authenticity of and
>> identify a sender of a physical mail object that is being sent from
>> said sender to a recipient via a mail carrier, comprising:
>
> a sender of a physical mail object generating a unique identifier. . . ;
>
> encoding at least said unique identifier, sender data and recipient data
>> into a single barcode. . . ;
>
> storing at least a portion of said encoded data in a database, said
>> portion comprising at least said unique identifier, said sender data
>> and said recipient data;
>
> printing said single barcode on said physical mail object;
>
> **submitting said physical mail object to a postal carrier**;
>
> **scanning by a scanner said single barcode to acquire said encoded
>> data**;

---

[6] The applications that led to the '032 Patent and '787 Patent were continuations of the application that led to the '268 Patent.  Because the Asserted Patents share the same specification, citations to the specification in this brief will be to the '787 Patent only for simplification.

1    and **comparing by a computer at least a portion of said encoded**
2        **data to data stored in said database to verify the authenticity of**
3        **said physical mail object**, wherein said at least a portion of said
4        encoded data . . . can be used by said postal carrier to identify said
5        sender of said physical mail object.

6    This representative claim demonstrates two general limitations required in
7    the claims of the Asserted Patents.  Indeed, one or both of these requirements are
8    contained in every claim of the Asserted Patents.  Specifically:

9        1)    ***Verification data.***  All of the independent claims[7] require (explicitly or
10   implicitly) that the sender either transmit "verification data"[8] or "verifying data"[9]
11   over a network or provide access to data "stored in a database."[10]  For example, in
12   claim 1 of the '032 Patent quoted above, the sender must implicitly provide access
13   to its database "storing at least a portion of said encoded data."   As another
14   example, claim 1 of the '268 patent explicitly requires the sender to provide
15   "verification data via [a] network" when the data received from the mail service
16   matches the sender's records.  For ease of reference, this general requirement of the
17   invention will be referred to as "verification data."

18

19   _____

20   [7] Because dependent claims only further limit the scope of independent claims, the
     dependent claims of the Asserted Patents are similarly limited.  *See* 35 U.S.C. § 112
21   ¶ 4.   Therefore, we need only discuss the independent claims of the Asserted
22   Patents here.

23   [8] As required by all of the independent claims of the '268 Patent (claims 1, 18, and
24   33).

25   [9] As required by three of the five independent claims of the '787 Patent (claims 1,
26   17, and 30).

27   [10] As required by all of the independent claims of the '032 Patent (claims 1 and 13)
28   and the remaining two independent claims of the '787 Patent (claims 41 and 50).

2)   ***Mail carrier action.***   The limitations of certain claims[11] cover the actions of the mail carrier, *i.e.*, the person who actually delivers the mail to the intended recipient, not the person, such as Microdynamics, who presents the mail to the mail carrier for delivery.  These actions include scanning barcodes, requesting verification data, comparing verification data, and/or routing mail.  Here, for example, in claim 1 of the '032 Patent, the "postal carrier" scans mail and compares the scanned information to information stored on the "sender's" database.  Further, some limitations of certain claims[12] appear to cover systems of the mail carrier, such as a scanner that scans printed mail identification data on a mail piece and a computer that transmits such data.  For ease of reference, these general requirements will be referred to simply as "mail carrier action."

**B. Microdynamics' Business**

Microdynamics provides transactional mail services (*i.e.*, mail related to a specific transaction or occurrence) to its clients, such as credit card statements on behalf of a bank.  *See* Wilson Decl. ¶ 3.[13]  To do this cost effectively, Microdynamics employs the available barcode mailing standards promulgated by USPS, namely, POSTNET, Planet Code, and Intelligent Mail Barcode ("IMb"), because USPS provides discounted mailing rates when such barcodes are used.  *See* Wilson Decl. ¶ 4.

IMb is the newest of the three USPS barcode standards, and essentially combines the data in the POSTNET and Planet Code barcodes, in addition to other data.  *See* Wilson Decl. ¶ 14, Exh. 3.  Because IMb includes all of the information

---

[11] Specifically, at least independent claims:  18 of the '268 Patent; 1 and 13 of the '032 Patent; 17 and 41 of the '787 Patent.

[12] Specifically, at least independent claims 1 and 50 of the '787 Patent.

[13] The distinction between direct mail and transactional mail is also described on Microdynamics' website.  *See* www.microdg.com/services/design.html (last visited August 7, 2012).

that POSTNET and Planet Code barcodes provide, this motion will generally refer to IMb unless otherwise specified.   An example of the IMb barcode is displayed below:

**JOHN SMITH**
**249 AMBERVIEW LN**
**MEMPHIS TN 38141-8346**

*See id.*   The IMb codes for 31 digits of data as shown in the table below:

| Type | Field | Field Length (in digits) |
|---|---|---|
| Tracking Code | Barcode Identifier | 2 (2nd digit must be 0-4) |
| | Service Type Identifier | 3 |
| | Mailer Identifier | 6 or 9 |
| | Serial Number | 9 (when used with 6 digit Mailer ID) |
| | | 6 (when used with 9 digit Mailer ID) |
| Routing Code | Delivery Point ZIP Code™ | 0, 5, 9, or 11 |
| **Total Data Payload** | | **31 (maximum)** |

*See* Wilson Decl. ¶ 15, Exh. 4, at p. 7.   For reference, a detailed description of each of the fields making up the tracking and routing codes is available on page 4 of the Intelligent Mail Barcode Technical Resource Guide.   Wilson Decl. ¶ 15, Exh. 4.

The vast majority of the mail that Microdynamics processes for its customers is presented to USPS for delivery.   Wilson Decl. ¶ 5.   For a small percentage of that mail, Microdynamics utilizes USPS' Confirm, aka Tracing, service, which is an additional cost mailing option that provides certain limited tracking data to Microdynamics.   *Id.*   Microdynamics selects the Confirm tracking service by appropriately coding the IMb in the "Service Type Identifier" field.   *Id.*; s*ee also* Wilson Decl. ¶ 15, Exh. 4, at p. 4.   As mail makes its way from one USPS facility

to another, it may be scanned at the different facilities and USPS records the "processing location, sort operation, date/time, and barcode digits." *See* Wilson Decl. ¶ 16, Exh. 5, at p. 5.   This information is subsequently provided to Microdynamics "via scheduled file transfer" or Microdynamics may "download the data from the [USPS] Mail Tracking and Reporting website. . . ." *Id.*; *see also id.* at 20; Wilson Decl. ¶ 6.   In connection with using USPS' Confirm tracking service, Microdynamics does not provide to USPS any verification data by sending such data to USPS directly, by providing access to a database, or otherwise.   Wilson Decl. ¶ 6.

For the majority of the mail that Microdynamics processes for delivery by USPS, Microdynamics does not utilize USPS' Confirm (or any other) tracking service. *Id.* ¶ 7.   For this untracked mail, Microdynamics neither receives from nor provides to USPS any information related to the IMb (or any barcode), much less any verification data. *Id.*

For both tracked and untracked mail, the fact that Microdynamics does not provide verification data is plainly evident upon a review of the publicly available USPS documents.   Further, no USPS documents concerning its services, specifications, standards, or the like discuss providing verification data to USPS in connection with any barcoded mail piece.   There is a simple, unambiguous reason for this:  USPS simply does not verify the authenticity of mail.   Neither does Microdynamics.

USPS has offered its Confirm tracking service since at least 1999. *See* Wilson Decl. ¶ 17, Exh. 6.   Indeed, Microdynamics uses software designed to be used with Confirm that was originally developed in 1998.   Wilson Decl. ¶¶ 2, 5. This predates the filing date of SMS' patent applications by more than one year. *See* 35 U.S.C. § 102(b).   Predecessors to Microdynamics have used USPS' Confirm tracking service since at least 1999, and Microdynamics has used the Confirm tracking service, in conjunction with the Planet Code barcode, since about January

8

2008.  Wilson Decl. ¶ 5.  Since June 2010, Microdynamics has been using the Confirm tracking service in conjunction with the IMb.  *Id*.  The POSTNET barcode does not have any tracking capability.  *Id*.

In addition to USPS, but to a far lesser extent, Microdynamics uses United Parcel Service ("UPS"), FedEx, Pitney Bowes – IMEX ("IMEX"), and couriers for delivery of its customers' mail.  Wilson Decl. ¶ 9.  However, SMS' infringement claims are even weaker still with respect to Microdynamics' use of these mail carriers.

For UPS and FedEx, Microdynamics uses UPS and FedEx supplied machines and software to generate and print any barcode used for tracking or otherwise uses hand-written mailing forms with pre-printed barcodes.  Wilson Decl. ¶ 10.  Thus, the UPS and FedEx barcodes, and any portions thereof, are not generated by the sender or mailer, as all of the claims of the Asserted Patents require, but rather the mail delivery service.  As with USPS, Microdynamics does not provide to FedEx or UPS any verification data by sending such data directly to them, by providing access to a Microdynamics database, or otherwise.  *Id*.  At most, Microdynamics inputs tracking numbers on UPS' and FedEx's websites to receive limited tracking information for packages if there is a delivery issue, just as any individual person or Microdynamics customer would.  *Id*.

For couriers and IMEX, Microdynamics does not even send "mail objects," as the claims require, but rather delivers boxes of letters to a courier or IMEX to be transported to foreign countries.  *Id*. ¶ 11.  Once there, the letters in bulk are delivered by those countries' mail carriers.  *Id*.  While some of the letters may have IMb barcodes printed on them by Microdynamics, those barcodes are never scanned or tracked by Microdynamics, USPS, UPS, FedEx, IMEX, or couriers.  *Id*.  Accordingly, Microdynamics will focus on USPS in this motion, as it assumes that SMS is in actuality seeking reasonable royalty damages for alleged infringement by

1   Microdynamics use of USPS' services and compliance with USPS' specifications

2   and regulations, the other carriers alleged infringement being *de minimis*.

3   **III.    RULE 11 LAW AS APPLIED IN PATENT ACTIONS**

4       Federal Rule of Civil Procedure 11(b)(3) provides that:

5           By presenting to the court a pleading, written motion, or other

6           paper . . . an attorney . . .  certifies that to the best of the person's

7           knowledge, information, and belief, formed after an inquiry

8           reasonable under the circumstances: . . .

9               (3) the factual contentions have evidentiary support or, if

10          specifically so identified, will likely have evidentiary support after

11          a reasonable opportunity for further investigation or discovery . . . .

12  Rule 11(c)(1) further provides:

13          If . . . the court determines that Rule 11(b) has been violated, the

14          court may impose an appropriate sanction on any attorney, law

15          firm, or party that violated the rule or is responsible for the

16          violation.

17      The Court of Appeals for the Federal Circuit applies "the law of the regional

18  circuit . . . to review an award of Rule 11 sanctions." *Eon-Net LP v. Flagstar*

19  *Bancorp*, 653 F.3d 1314, 1328 (Fed. Cir. 2011).   Under Ninth Circuit law,

20  "[w]here, as here, the complaint is the primary focus of Rule 11 proceedings, a

21  district court must conduct a two-prong inquiry to determine (1) whether the

22  complaint is legally or factually 'baseless' from an objective perspective, and (2) if

23  the attorney has conducted 'a reasonable and competent inquiry' before signing and

24  filing it." *Christian v. Mattel, Inc.*, 286 F.3d 1118, 1127 (9th Cir. 2002); *see also*

25  *Townsend v. Holman Consulting Corp.*, 929 F.2d 1358, 1362 (9th Cir. 1990) (en

26  banc) ("sanctions must be imposed on the signer of a paper if . . . the paper is

27  'frivolous,'" which is when it is "both baseless and made without a reasonable and

28  competent inquiry.").

In the context of a patent infringement suit, the Federal Circuit has held that a reasonable and competent inquiry under Rule 11 "require[s] the law firm to, at a bare minimum, apply the claims of each and every patent that is being brought into the lawsuit to an accused device and conclude that there is a reasonable basis for a finding of infringement of at least one claim of each patent so asserted." *View Eng'g Inc. v. Robotic Vision Sys.*, 208 F.3d 981, 986 (Fed. Cir. 2000) (applying Ninth Circuit law). The plaintiff, as the party "asserting the claim [of infringement] bears the burden[ ] of showing that its inquiry was reasonable and competent." *ICU Med., Inc. v. Alaris Med. Sys., Inc.*, 2007 U.S. Dist. LEXIS 34467 (C.D. Cal. Apr. 16, 2007) (citing *View Eng'g*, 208 F.3d at 986), *aff'd*, 558 F.3d 1368, 1381 (Fed. Cir. 2009). Failure to "demonstrate to both the court and the alleged infringer exactly why it believed before filing the claim that it had a reasonable chance of proving infringement . . . should ordinarily result in the district court expressing its broad discretion in favor of Rule 11 sanctions. . . ." *View Eng'g*, 208 F.3d at 986.

## IV.   ARGUMENT

### A. SMS, its Counsel, and Mr. Fitzsimmons Failed To Meet Their Rule 11 Obligations

Under Ninth Circuit law, Rule 11 is violated when a complaint is: 1) objectively baseless; and 2) filed without the attorney making a reasonable and competent inquiry. *See Christian*, 286 F.3d at 1127; *Townsend*, 929 F.2d at 1362. Here, it is clear from the facts that SMS' claims of infringement are baseless and SMS and its counsel filed the complaint without conducting a reasonable pre-suit investigation.

#### 1.   SMS' Complaint is Baseless

As explained above in Section II.A., all of the claims of the Asserted Patents contain the verification data requirement and many of the claims also contain the mail carrier action requirement. Flowing from these two requirements, it becomes clear that SMS' Complaint is objectively baseless for at least three reasons. First,

Microdynamics cannot infringe because it does not provide verification data to or receive it from USPS.  Second, certain claims further require mail carrier action, which action is either not performed at all or not performed by Microdynamics.  Third, USPS (and any other alleged infringing mail carrier) is a necessary party to this case.  These are addressed in turn below.

### a.  Microdynamics Does Not Provide Verification Data

Infringement "requires, as it always has, a showing that a defendant has practiced each and every element of the claimed invention."  *BMC Resources, Inc. v. Paymentech, L.P.*, 498 F.3d 1373, 1380 (Fed. Cir. 2007) (citing *Warner-Jenkinson Co., Inc. v. Hilton Davis Corp.*, 520 U.S. 17, 40 (1997)), overruled on other grounds by *Akamai Techs., Inc. v. Limelight Networks, Inc.*, No. 2009-1372, __ F.3d __, 2012 WL 3764695, at *1, *3 (Fed. Cir. Aug. 31, 2012).

Each of the claims of the Asserted Patents have a verification data requirement, which is that the sender either transmit "verification data" over a network or provide access to data "stored in a database" for the purpose of verifying the authenticity of mail.  Microdynamics does not transmit any such verification data and does not provide the USPS with access to its database.  Indeed, neither Microdynamics nor USPS has any service for verifying the authenticity of mail.

To the extent that SMS alleges that Microdynamics' use of USPS' Confirm tracking service infringes, that claim must fail because USPS' Confirm tracking service involves only a one way transmission of tracking data—from USPS to Microdynamics—and then merely provides the time, date, and location of the mail sorting facility at which a particular piece of mail is scanned.  This Court should take judicial notice of this fact.  *See* Wilson Decl. ¶ 16, Exh. 5, at pp. 5, 20.

Accordingly, under any reasonable reading of the claims, Microdynamics does not infringe.

### b. Other Limitations are Mail Carrier Actions or Not Performed At All

In addition to verification data, many of the claims further require that other limitations be performed by the postal carrier, USPS. These mail carrier action limitations include scanning barcodes, requesting verification data, comparing verification data, and/or routing mail based on whether the mail is verified. These limitations are either not performed at all (*e.g.*, requesting and comparing verification data) or are performed by USPS, and not Microdynamics (*e.g.*, scanning barcodes and routing mail). Thus, Microdynamics does not infringe such claims for this additional, independent reason.[14]

### c. The Mail Carriers are Persons That Must Be Joined if Possible

The mail carriers, including at least USPS, are necessary parties under Federal Rule of Civil Procedure 19(a)(1)(B), which provides that a person must be joined if feasible if "that person claims an interest relating to the subject of the action and is so situated that disposing of the action in the person's absence may . . . as a practical matter impair or impede the person's ability to protect the interest . . . ." "The inquiry is a practical, fact-specific one, designed to avoid the harsh results of rigid application." *Dawavendewa v. Salt River Project Agricultural Improvement & Power Dist.*, 276 F.3d 1150, 1154 (9th Cir. 2001). For example, USPS has numerous interests that relate to the subject of this action and its absence

---

[14] To the extent that SMS may advance a theory of joint infringement, SMS has not pled and cannot reasonably contend that Microdynamics controls or directs the actions of USPS (or any other mail carrier). *See BMC Resources*, 498 F.3d at 1380-81, overruled on other grounds by *Akamai*, 2012 WL 3764695, at *1, *3. Indeed, it is USPS that dictates to Microdynamics what must be included in the barcodes acceptable to USPS. *See, e.g.,* Wilson Decl. ¶ 15, Exh. 4.

would impair or impede its ability to protect those interests, including at least the following.[15]

First, as explained above, whether Microdynamics infringes the Asserted Patents apparently turns on whether it adheres to barcode standards and specifications dictated by USPS and whether use of USPS' commercial mail and tracking services infringes. Accordingly, USPS, as a "public entity," has "an interest in a lawsuit that could result in the invalidation or modification of one of its ordinances, rules, regulations, or practices." *E.E.O.C. v. Peabody Western Coal Co.*, 610 F.3d 1070, 1082 (9th Cir. 2010) ("The Secretary thus has an interest in an action that would require him to modify the terms of leases he approves . . . [and] therefore qualifies as a person to be joined under Rule 19(a)(1)(B)(i).")

Second, as a government corporation, USPS contracts with Microdynamics and the public to accept and deliver mail and provide mail tracking information based on terms and conditions, including published rate schedules. *See, e.g.*, 39 U.S.C. § 101. It is settled that "a party to a contract is necessary, and if not susceptible to joinder, indispensible to litigation seeking to decimate that contract." *Dawavendewa*, 276 F.3d at 1157.

Third, because many of the claim limitations require mail carrier action, it appears that a determination of whether Microdynamics infringes the Asserted

---

[15] Further, if a necessary party cannot be joined, then a court must determine "whether the party is indispensible such that in 'equity and good conscience' the suit should be dismissed." *Dawavendewa*, 276 F.3d at1155; *see also* Fed. R. Civ. P. 19(b). Pursuant to 28 U.S.C. § 1498(a), USPS cannot be joined because patent infringement claims against the United States, including USPS, must proceed in the Court of Federal Claims. *See, e.g., Marshburn v. Postmaster General*, 678 F. Supp. 1182 (D. Md. 1988) (dismissing copyright claim against USPS because district court did not have jurisdiction). Microdynamics submits that USPS is indispensible and, thus, this action cannot be maintained, should never have been filed, and must be dismissed. Microdynamics hereby reserves its right to move to dismiss on this basis.

Patents requires a determination of whether certain claim limitations are performed or provided by USPS. *See* Section IV.A.1.b, *supra*.

Fourth, SMS seeks to permanently enjoin Microdynamics and "those acting in privity" with it from further infringement. Complaint, Prayer for Relief; FAC, Prayer for Relief. The scope of SMS' requested injunction would necessarily reach USPS, giving it a strong (public) interest in this action.

Fifth, USPS has business interests in providing tracking services to Microdynamics, its competitors, and, at bottom, all persons that send tracked mail using any USPS required barcode, *e.g.*, the IMb.

All but the first element above applies equally to the mail carriers other than USPS.

## 2.  SMS and its Counsel Failed to Conduct a Reasonable and Competent Pre-Suit Investigation

Failure to do any pre-suit investigation is, of course, not competent or reasonable. *See Judin v. United States*, 110 F.3d 780, 784 (Fed. Cir. 1997) (mere observation of "the accused device from a distance while it was in use at a post office" and nothing more violates Rule 11). The Federal Circuit has held that, at a minimum, a reasonable and competent investigation requires the plaintiff's counsel to conduct an infringement analysis by applying the claims to the accused system or method. *View Eng'r*, 208 F.3d at 986. This "also requires counsel to perform an objective evaluation of the claim terms . . . ." *Eon-Net*, 653 F.3d at 1328; *see also ICU*, 2007 U.S. Dist. LEXIS 14855, at *50. Here, it cannot be disputed that, objectively, SMS and its counsel failed to perform a reasonable and competent investigation.

Among the numerous, simple things that SMS and/or Mr. Fitzsimmons could have done to investigate Microdynamics' systems and services, are the following:

- review Microdynamics' website, www.microdg.com;

1    • contact Microdynamics to inquire about its mail processing and any service
2      for verifying the authenticity of mail;

3    • use or attempt to use Microdynamics' services to send fraudulent mail to
4      determine whether mail was verified as authentic and delivered or not;

5    • review publicly available documents on USPS' websites, including
6      ribbs.usps.gov, regarding whether USPS has any mail delivery service for
7      verifying the authenticity of mail, in addition to its mail tracking services;

8    • contact USPS to inquire about any service for verifying the authenticity of
9      mail and whether it requests or receives verification data; and

10   • use or attempt to use USPS' services to send fraudulent mail to determine
11     whether mail was verified as authentic and delivered or not.

12   Performing any one of these tasks would have shown that neither Microdynamics

13   alone, nor together with USPS, offers any service to verify the authenticity of mail

14   for delivery, and Microdynamics does not provide, request, or receive verification

15   data and thus cannot infringe as explained in Section IV.A.1.a., *supra*.

16       Further, any reasonable investigation into the claims of the Asserted Patents

17   would have shown that USPS is a necessary party because its interests are directly

18   affected by this litigation.  *See Clark v. The Walt Disney Co.*, 748 F. Supp.2d 792,

19   802 (S.D. Oh. 2010) (holding that filing a patent infringement complaint without

20   naming necessary party violates Rule 11).  Thus, objectively, SMS and its counsel

21   could not have reasonably investigated Microdynamics' available systems and

22   services and its reliance on USPS requirements and services and in good faith filed

23   the instant Complaint.

24       SMS' and its counsel's pre-suit investigation also was unreasonable because

25   the Federal Circuit requires that a plaintiff reasonably construe claim terms and

26   reasonably apply the facts to the claims.[16]  SMS' Complaint proffers no evidence

---

27   [16] Claim construction is an issue of law "exclusively within the province of the
28   court," not the jury.  *Markman v. Westview Instruments, Inc.*, 517 U.S. 370, 373

DEFENDANT MICRODYNAMICS' MOTION
                                             FOR SANCTIONS UNDER RULE 11

that a reasonable construction was made or the claims as construed were compared to any Microdynamics accused product or process—indeed no product is even identified in the Complaint. Instructive here is *Eon-Net*, where the Federal Circuit, applying Ninth Circuit law, affirmed an award of sanctions under Rule 11 where the plaintiffs conducted an inadequate pre-suit investigation. There, the plaintiff claimed that the processing of information electronically entered by customers on the defendant's website infringed its patents. *Eon-Net*, 653 F. 3d at 1318-19. Its patents, however, related to extracting information from hardcopy documents and manipulating the information for input into computer applications. *Id.* Counsel for Eon-Net conducted some pre-suit investigation by comparing Flagstar's website and publicly-available source code to each limitation of the asserted claims. *Id.* at 1328. However, the Federal Circuit held that Eon-Net failed to reasonably construe its claims when performing its infringement analysis. *Id.* at 1329.

Similar to *Eon-Net*, any claim construction or infringement analysis performed by SMS or its counsel was unreasonable. For example, all of the claims require verification data, which Microdynamics does not have, provide or use. Thus, SMS and its counsel would have to read this limitation out of every claim for Microdynamics to infringe. This is not objectively reasonable.

In light of the foregoing, SMS and its counsel cannot establish that they conducted a reasonable and competent pre-suit investigation, and sanctions are warranted.

### B. Monetary Sanctions Should Be Imposed

Federal Rule of Civil Procedure 11(c)(4) provides that the Court may impose appropriate sanctions limited by "what suffices to deter repetition of the conduct or comparable conduct by others similarly situated," and may include "nonmonetary

---

(1996). Determination of infringement is a two step process that first requires construction of the claims and then application of the claims to the accused product or process. *See id.* at 373.

1  directives. . . or,  if imposed on motion and warranted for effective deterrence, an
2  order directing payment to the movant of part or all of the reasonable attorney's
3  fees and other expenses directly resulting from the violation."

4      SMS, its principal, and their counsel—all experienced patent litigators—must
5  be held accountable for intentionally burdening Microdynamics and this Court with
6  accusations that have no factual support and are undermined by a reasonable and
7  competent pre-suit investigation involving public information.  Further, this is the
8  third such action filed by SMS and its counsel in August 2012 in this Court, with
9  each Complaint being nearly identical, save for the named defendants.[17]   The
10  misconduct of SMS, its principal, and counsel will likely continue if not deterred.

11      This Court should exercise its discretion to award Microdynamics its
12  reasonable expenses, including attorneys' fees, incurred from the filing of the
13  Complaint through the filing of the sanctions papers.  *See* Fed. R. Civ. P. 11(c)(4);
14  *Refac Int'l, Ltd. v. Hitachi Ltd.*, 141 F.R.D. 281 (C.D Cal. 1991) (awarding
15  expenses including attorneys fees from filing of the complaint through claims for
16  sanctions).  In upholding such sanctions, the Federal Circuit has recognized that
17  "[a] patent suit can be an expensive proposition.  Defending against baseless claims
18  of infringement subjects the alleged infringer to undue costs – precisely the
19  scenario Rule 11 contemplates.  Performing a pre-filing assessment of the basis of
20  each infringement claim is, therefore, extremely important."  *View Eng'g*, 208 F.3d
21  at 986.

22      Every year, this Court is inundated with new complaints for patent
23  infringement.  In the prior five years, an average of 260 patent lawsuits per year
24  were filed in this Court and, so far this year, 215 patent lawsuits have already been

25
26  [17] The other two cases filed by SMS are *Secured Mail Solutions v. Advanced Image
27  Direct, LLC, et al.*, Case No. SACV12-01090 DOC (MLGx) and *Secured Mail
    Solutions v. Harte-Hanks, Inc.,et al.*, Case No. SACV12-01118 DOC (MLGx).
28

DEFENDANT MICRODYNAMICS' MOTION
                                FOR SANCTIONS UNDER RULE 11

filed.[18]   Imposition of monetary sanctions on Plaintiff, its counsel, and/or Mr. Fitzsimmons will send a clear message that patentees may not engage in economic blackmail simply by getting patents and filing a frivolous patent litigation.

## V. CONCLUSION

For the foregoing reasons, Microdynamics respectfully requests the Court to: (1) award Microdynamics its attorneys' fees and costs[19] for defending against SMS's baseless assertion that Microdynamics infringes the claims of the Asserted Patents; and (2) award Microdynamics such other and further relief as the Court deems appropriate.

Dated:        September 7, 2012                Orrick, Herrington & Sutcliffe LLP

                                               By:         /s/ Ric T. Fukushima
                                                          RIC T. FUKUSHIMA
                                                         Attorneys for Defendants
                                                     Microdynamics Corporation and
                                                       Microdynamics Group, Inc.

---

[18] Statistics available on lexmachina.com (last visited August 2, 2012).

[19] Microdynamics will provide the Court with a calculation of its reasonable attorneys' fees and costs for defending against this action at an appropriate time or as otherwise ordered by the Court.

DEFENDANT MICRODYNAMICS' MOTION
FOR SANCTIONS UNDER RULE 11